*monae YY.*, 239 AD2d 716; *Matter of Geraldine Rose W.*, 196 AD2d 313, 316-318, *lv dismissed* 84 NY2d 967). (Appeals from Order of Erie County Family Court, Townsend, J.—Neglect.) Present—Denman, P. J., Lawton, Pigott, Jr., Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE A. BATES, Appellant. [671 NYS2d 373] —Judgment unanimously affirmed. Memorandum: County Court properly permitted complainant to identify defendant in court. The record supports the court's conclusion that, although the photo array shown to complainant was unduly suggestive, he had an independent basis for his in-court identification of defendant (*see, People v Bostic*, 222 AD2d 1073, 1074, *lv denied* 88 NY2d 876; *People v Greer*, 173 AD2d 557, 557-558, *lv denied* 78 NY2d 1011). The court also properly permitted defendant to proceed *pro se* at trial. "Defendant unequivocally exercised his right to self-representation, his waiver of counsel was knowing and intelligent (*People v McIntyre*, 36 NY2d 10, 14), and the court undertook 'a sufficiently "searching inquiry" of the defendant to be reasonably certain that the "dangers and disadvantages" of giving up the fundamental right to counsel [had] been impressed on the defendant' (*People v Sawyer*, 57 NY2d 12, 21, *rearg dismissed* 57 NY2d 776, *cert denied* 459 US 1178)" (*People v Walker*, 140 AD2d 929, *lv denied* 72 NY2d 962). Defendant's contention that testimony regarding a prior weapons charge was improperly admitted is not preserved for our review (*see*, CPL 470.05 [2]; *People v Okon*, 184 AD2d 664), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). The sentence imposed is not unduly harsh or severe. (Appeal from Judgment of Cayuga County Court, Corning, J.—Burglary, 1st Degree.) Present—Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL W. MYERS, Appellant. (Appeal No. 1.) [671 NYS2d 394] —Judgment unanimously affirmed. Memorandum: The contention of defendant that his sentence is unduly harsh and severe does not survive the knowing, intelligent and voluntary waiver of his right to appeal (*see, People v Allen*, 82 NY2d 761; *People v Chandler*, 244 AD2d 897, *lv denied* 91 NY2d 870). (Appeal from Judgment of Niagara County Court, Fricano, J.— Attempted Use of Child in Sexual Performance.) Present— Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL W. MYERS, Appellant. (Appeal No. 2.) [671 NYS2d 374]

—Judgment unanimously affirmed. Same Memorandum as in *People v Myers* (249 AD2d 929 [decided herewith]). (Appeal from Judgment of Niagara County Court, Fricano, J.—Sexual Abuse, 1st Degree.) Present—Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.

■ The People of the State of New York, Respondent, v Michael Moore, Appellant. [672 NYS2d 550] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of criminal contempt in the first degree (Penal Law § 215.51 [b]), assault in the third degree (Penal Law § 120.00 [1]) and criminal contempt in the second degree (Penal Law § 215.50 [3]). He was acquitted of two counts of rape in the first degree and one count of unlawful imprisonment in the second degree. The charges arose out of the violation by defendant of an order of protection by punching his former girlfriend and engaging in sexual intercourse with her.

Defendant contends that County Court erred in allowing testimony of an uncharged crime and opinion testimony from a police officer. We agree that the court erred in allowing the victim to testify that defendant violated a prior order of protection by assaulting her on another occasion. We also agree with defendant that the court erred in allowing opinion testimony by a police officer, who was not qualified as an expert, that the victim's delay in reporting the assault is a common feature of domestic violence cases and is motivated by fear of the assailant (*see, Matter of Nicole V.,* 71 NY2d 112, 120; *see also, People v Ciervo,* 123 AD2d 393, 394; *People v Emick,* 103 AD2d 643, 654-655). Both errors, however, are harmless beyond a reasonable doubt (*see, People v Crimmins,* 36 NY2d 230, 242). (Appeal from Judgment of Erie County Court, Perla, J.—Criminal Contempt, 1st Degree.) Present—Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.

■ In the Matter of Ellen Palacz, Appellant, v Richard Palacz et al., Respondents. [672 NYS2d 575] —Order unanimously affirmed without costs. Memorandum: Family Court did not err in dismissing the petition alleging that Richard Palacz (respondent) violated the visitation provisions of a prior order by his conduct on January 7, 1997. Under the circumstances, no hearing was required (*see, Bowie v Bowie,* 182 AD2d 1049, 1050). We agree with the court's conclusion that the single alleged violation apparently arising from a conflict between the visitation schedule and the child's academic needs, if established, would be too insubstantial to support the conclusion that respondent "defeated, impaired, impeded, or preju-